## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No.

JAMES KEITH WATSON,

        Plaintiff,

v.

BNSF RAILWAY COMPANY,
a Delaware corporation,

        Defendant.

---

### COMPLAINT – JURY TRIAL DEMANDED

---

Plaintiff, James Keith Watson, by and through his attorneys, Rossi Vucinovich, P.C., and for his cause of action against Defendant BNSF Railway Company ("Defendant"), a Delaware corporation, states and alleges as follows:

1.    That at all times herein mentioned, Plaintiff was and is a resident of the State of Colorado.

2.    That at all times herein mentioned, Defendant was and is a corporation duly organized and existing under the laws of the state of Delaware and was operating a system of railroad tracks in the state of Colorado and other states, and that said system included lines of track in the District where this action is filed.

3.    That at all times herein mentioned, Defendant was an interstate carrier by rail and was engaged in the business of interstate commerce in and throughout the several states of the United States as a common carrier by railroad.

4.    That at said time and prior thereto, Plaintiff was employed by the defendant as a conductor and was engaged in the performance of his duties as such worker at the time he was injured on the aforesaid date as hereinafter alleged.

5.    That at said time and prior thereto, defendant was engaged in interstate commerce as a common carrier by railroad, and all or part of plaintiff's duties as an employee of the defendant were in furtherance of interstate and closely, directly, and substantially affected the same.

6.    That the jurisdiction of this Court, and the rights and liabilities of the parties are governed by the Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60, and this action is timely commenced within the meaning of 45 U.S.C. § 56.

7.    That on or about March 10, 2021, while working near Winter Park, Colorado, Plaintiff was the conductor on a train approaching the West portal of the Moffat Tunnel and was stopped at a red signal prior to entering the West portal of the Moffat Tunnel.

8.    That at said time and place, the BNSF train Plaintiff was assigned to work was traveling over track owned, maintained, and controlled by Union Pacific Railroad Company, a Delaware corporation ("UP").

9.    That at said time and place, pursuant to contract between Defendant and UP, UP was responsible for dispatching trains on said track, through the Moffat Tunnel, and was thereby performing operational activities by, for and on behalf of Defendant.

10.   That at said time and place, UP, acting as Defendant's agent, authorized Plaintiff's train to proceed through the Tunnel when, unknown to Plaintiff and his engineer, the Tunnel had not been vented of diesel fumes and exhaust from prior trains.

11.     That as a result, Plaintiff was required to operate through the unvented Tunnel, at restricted speed, and was exposed to noxious fumes, gases and diesel exhaust while traveling through the tunnel.

12.     That the aforesaid occurrence and plaintiff's hereinafter stated injuries and damages were due in whole or in part to the negligence of Defendant, in violation of 45 U.S.C. §§ 51-60, in one or more of the following particulars:

a.     Defendant failed to furnish Plaintiff with a reasonably safe place in which to work;

b.     Defendant failed to furnish Plaintiff with reasonably safe and suitable equipment with which to perform his assigned duties;

c.     Defendant failed to furnish Plaintiff with reasonably necessary and proper equipment with which to perform his assigned duties;

d.     Defendant failed to ensure that the areas in which Plaintiff was assigned to work, including the Moffat Tunnel, were reasonably safe and suitable for passage of trains through the tunnel;

e.     Defendant failed to properly ventilate the Tunnel for use by employees operating trains through the Tunnel;

f.     Other acts of negligence.

13.     That as a result of the aforesaid occurrence and negligence of Defendant under the FELA, Plaintiff, James Keith Watson, was caused to sustain severe and permanent injuries to his lungs, airways, throat, and other associated injuries; the plaintiff has been caused to expend and/or obligate himself for reasonable and necessary medical and surgical care for the treatment of his injuries and will be in the future caused to expend further such sums in an amount to be proven by the evidence at trial.

14.     That as a result of the aforesaid occurrence and negligence of Defendant under the FELA, Plaintiff has been caused to lose wages to date and such wage loss, and diminution of

earning power and loss of fringe benefits will continue in the future in amounts to be proven by the evidence at trial.

15.   That as a result of the aforesaid occurrence and negligence of Defendant under the FELA, Plaintiff has suffered injuries which are permanent, painful, and progressive, and Plaintiff has suffered in the past, and will continue in the future to suffer physical, emotional distress, mental pain and anguish and loss of enjoyment of life in that Plaintiff's ability to work, labor and enjoy the normal pursuits of life have been permanently impaired and lessened all to the Plaintiff's damage.

16.    Accordingly, Plaintiff makes claim for the following damages:

(a) Any noneconomic losses or injuries which Plaintiff has had to the present time or which Plaintiff will probably have in the future, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life;

(b) Any economic losses or injuries which Plaintiff has had to the present time or which Plaintiff will probably have in the future, including loss of earnings or damage to his ability to earn money in the future; reasonable and necessary medical, hospital, and other expenses; loss of fringe benefits; diminution of retirement benefits; and costs associated with vocational rehabilitation; and

(c) Any physical impairment or disfigurement.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount sufficient to compensate him for his general damages together with such special damages as may hereinafter be ascertained and for his costs of suit incurred herein, including expert witness fees, interest on said damages from the date of judgment, and all other relief this Honorable Court deems just and proper.

DATED: <u>January 24, 2022</u>

By: <u>*s/ James K. Vucinovich*</u>
James K. Vucinovich, CO Bar # 027866
**ROSSI VUCINOVICH PC**
1000 Second Avenue, Suite 1420
Seattle, WA  98104
Phone: (425) 646-8003
Facsimile: (425) 646-8004
jvucinovich@rvflegal.com